IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| BOARD OF TRUSTEES OF THE | ) | |
|---|---|---|
| BRICKLAYERS OF WESTERN | ) | |
| PENNSYLVANIA COMBINED | ) | |
| FUNDS INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 13-1658 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| JUSTIN TRESCO, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Currently pending before the Court is Plaintiff's Motion for Alternative Service (Doc. 2). In the Motion, Plaintiff alleges that a Pennsylvania State Constable has attempted to serve Defendant at a residential address on at least ten occasions, during both the day and evening hours. Def.'s Mot. (Doc. 2) at ¶¶ 3-4. The Constable has allegedly spoken with neighbors, who indicated that Defendant resides at that address. Id. at ¶ 5. Plaintiff therefore asks that the Court issue an order permitting Plaintiff to serve Defendant using a form of alternative service, specifically, postage prepaid, U.S. first class mail. For the reasons stated below, Plaintiff's Motion will be denied.

Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served by "following state law for serving a summons . . . in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Pennsylvania Rule of Civil Procedure 430(a) allows a plaintiff to move for a special order providing for alternative means of service if "service cannot be made under the applicable rule." Pa. R. Civ. P. 430(a). Rule 430(a) explicitly requires that the "motion shall be accompanied by an affidavit stating the nature and extent of the

investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." Id.

In order to prevail on a Motion for Alternative Service, a plaintiff must show the following: (1) "a good faith effort to locate the Defendant;" (2) that Plaintiff made "practical efforts to serve Defendant under the circumstances;" and (3) "that the proposed alternative method of service is reasonably calculated to provide the defendant with notice of the proceedings against him." Clark v. Tennessee Shell Co., Inc., No. 07-1579, 2008 WL 1944124, at *1 (W.D. Pa. May 1, 2008) (McVerry, J.) (citing Calabro v. Leiner, 464 F.Supp.2d 470, 470-71 (E.D. Pa. 2006)). Examples of a "good faith effort to locate the defendant" include: (1) "inquiries of postal authorities"; (2) "inquiries of relatives, neighbors, friends, and employers of the defendant"; and (3) "examination of local telephone directories, voter registration records, local tax records, and motor vehicle records." Pa. R. Civ. P. 430(a), Note. Alternative service is only available as a "last resort." Grove v. Guilfoyle, 222 F.R.D. 255, 257 (E.D. Pa. 2004).

Here, Plaintiff has alleged several facts in his motion in an attempt to obtain an order for alternative service. However, Plaintiff has failed to comply with the explicit requirement of Rule 430(a) that the motion must be accompanied by an affidavit "stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." Pa. R. Civ. P. 430(a). Without such an affidavit, the Court is unable to evaluate whether Plaintiff has made the requisite showing under Rule 430(a) to enable him to receive the extraordinary remedy of alternative service.

Accordingly, Plaintiff's Motion for Alternative Service will be denied without prejudice. If Plaintiff chooses to re-file the motion, Plaintiff's counsel is reminded once again,[1] that such motion must include an affidavit and must meet the requirements of Rule 430(a), which are outlined above.

For the reasons stated above, the Court hereby orders that Plaintiff's Motion for Alternative Service (Doc. 2) is **DENIED** without prejudice.

IT IS SO ORDERED.

February 3, 2014                                s\Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[1] This Court has denied similar motions filed by Counsel in the past, for nearly identical deficiencies. See Malley v. USA Concrete Constr., Inc., No. 08-1486, 2008 WL 5113809 (W.D. Pa. Dec. 3, 2008); Laborers' Combined Funds of W. Pa. v. USA Concrete Constr. Inc., No. 08-1510, 2008 WL 5113811 (W.D. Pa. Dec. 3, 2008).